*221 OPINION.
Lansdon :
At the hearing in these proceedings the' petitioners abandoned their allegations of error as to the years 1922 and 1924, conceding that the deficiencies determined for those years were correct. Pursuant thereto the respondent’s determination as to such years will be approved.
Subsequent to the filing of the petition at Docket 30894, Winfield S. Davis died. His regularly appointed executors, Clara May Davis, Kenneth M. Davis and Anita MacDonald, have been substituted as parties petitioners.
In their income-tax returns for the taxable years and several others, the petitioners each deducted a pro rata part of the payment to Hougard, apparently as amortization of such amount. These deductions were disallowed by the Commissioner. Petitioners now seek to deduct the entire amount in the years in which the several installments were paid as losses sustained in such years, or, in the, alternative, as ordinary and necessary business expenses. The respondent contends that the entire payment to Hougard was consideration for his interest in the business and was a capital expenditure.
The petitioners’ contention must be that nothing of value was acquired in consideration of the $90,000 payment to Hougard. They do not contend that a payment for which tangible or intangible assets were acquired would be deductible as a loss in the taxable year. We think it is clear from the evidence that both tangible and intangible assets were acquired in consideration of the payment to Hougard, namely, all right, title, and interest in and to the partnership name *222 of J. B. F. Davis & Son and to the use of such name; all right, title, and interest in and to all furniture, fixtures, contracts, books of account, and all other property and assets of every kind and description belonging to the partnership; and the agreement by Hougard that -he would not advertise himself as the successor, former partner, or as having been formerly connected with the J. B. F. Davis & Son partnership. Perhaps the assets were not worth the amount paid for them, but we think the Board is not concerned with that question. Even if the Davis brothers paid more than Hougard’s interest was worth, no loss was sustained at the time of payment.
In Arthur P. Williams et al., 24 B. T. A. 1070, we had a similar question presented. There the petitioners contended, as they do here, that the amounts were paid to avoid threatened legal action and its injurious effects to the business, as well as to assure retirement of the partner who threatened such legal action. We held that such payments were made to acquire the retiring partner’s interest in the partnership good will and that such payments were capital expenditures. At the hearing in that case the petitioners testified, as they did in the instant proceeding, that in making the payments they did not consider that they were made to acquire any interest in the good will of the business which the retiring partner might have had, but that the payments were made to prevent legal action.
We think the partnership of J. B. F. Davis & Son had good will of substantial value. It had operated as a general insurance brokerage agency in San Francisco for more than 50 years and doubtless had many clients who purchased insurance through the firm because of its long standing good reputation and good service. The good will of a partnership is ordinarily considered part of the partnership assets and is to be accounted for upon termination of the partnership. Hougard had an interest in any good will of J. B. F. Davis & Son „and was entitled to an accounting therefor upon termination of the * partnership. We think such interest in the good will was acquired along with other partnership assets in consideration of the payment of $90,000:
The facts of A. King Aitkin, 12 B. T. A. 692, are distinguished from the facts of the instant case. We there held that a payment of ^$5,000 to secure the withdrawal of a partner from the partnership was deductible in computing net income, since it resulted in the acquisition of no capital asset. The benefit of the $5,000 payment did not extend beyond the taxable year, since by the terms of the partnership agreement it could have been terminated at the close of 1920. The payment was made to secure the partner’s withdrawal from the firm four months before that time.
The petitioners argue in their brief that the Board erroneously excluded certain testimony offered by them to show that the written *223 agreement from which we have quoted in our findings of fact was entered into under duress and that the $90,000 payment was a “ holdup,” paid only to prevent Hougard from carrying out his threat of legal proceedings to force a receivership which would wreck the business. Even if we concede their contention that the payment was a “ hold-up ” and that they were forced to- sign the agreement to save their business, we are still of the opinion that the amdlint is not deductible. Regardless of their motive in making the payment, the fact remains that in exchange therefor they did acquire capital assets of considerable value. At the time they concluded to purchase Hougard’s interest in the partnership for $90,000 the petitioners could only estimate the additional profits which each might expect from the additional one-sixth interest in subsequent partnership profits. We do not know the basis for their estimate or the value which they placed upon the tangible and intangible assets of the partnership. We do know, however, that they paid $90,000 for a one-third interest therein and in our opinion such payment was not an expense incurred to protect the business or a loss at the time it was made.
Reviewed by the Board.

Decisions will be entered, for the respondent.